FILED
SUPERIOR COURT
OF GUAM

2022 AUG 11 PM 1: 20

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CF0653-21** |
| | GPD Report Nos. 21-31977 / 21-32074 |
| **v.** | |
| | **DECISION AND ORDER** |
| **GAVIN DOMINGO ALIMURONG,** | **GRANTING DEFENDANT'S MOTION** |
| DOB: 05/24/1998 | **TO COMPEL DISCOVERY** |
| | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on June 30, 2022 for hearing on Defendant Gavin Domingo Alimurong's ("Defendant's") Motion to Compel Discovery ("Motion"). Assistant Attorney General Dannis Le represents the People, and Attorney William Brennan represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **GRANTS** Defendant's Motion.

## BACKGROUND

Defendant stands indicted on *Charge One* (*Two Counts*): Family Violence (as a 3rd Degree Felony) with *Special Allegation*: Possession or Use of a Deadly Weapon in the Commission of a Felony, *Charge Two*: Possession of an Unregistered Firearm (as a 3rd Degree Felony), *Charge Three*: Possession of a Firearm Without a Firearms Identification Card (as a 3rd Degree Felony), *Charge Four*: Family Violence (as a Misdemeanor), and *Charge Five*: Assault on an Unborn Child (as a Misdemeanor). See Indictment (Dec. 30, 2021). Defendant allegedly attacked his then-pregnant ex-girlfriend on multiple occasions and was found with an illegal firearm at the time of his arrest. See Magistrate's Complaint (Dec. 23, 2021).

Decision and Order Granting Defendant's Motion to Compel Discovery
CF0653-21, *People of Guam v. Gavin Domingo Alimurong*
Page 1 of 5

On April 20, 2022, Defendant filed his Motion to Compel Discovery. Defendant requested disclosure of evidence initially requested for on February 11, 2022 which the People have since failed to provide. See Memorandum of Points and Authorities in Support of Motion ("Memorandum Supporting Motion") at 2-3 (Apr. 20, 2022). Defendant believes the People have not completed their discovery obligations, and he specifically requests the Court order disclosure of the following evidence:

- Unredacted copies of pages 13 and 19 of discovery in GPD Report No. 21-31977
- Copies of a search warrant and supporting documents for a warrant executed at Defendant's alleged home on December 22, 2021

See Motion at 1 (Apr. 20, 2022). Defendant believes both pieces of discovery are mandatory under 8 G.C.A. §70.10 and permissive under 8 G.C.A. §70.15. See Memorandum Supporting Motion at 3-5 (Apr. 20, 2022).

On April 22, 2022, the People submitted their Opposition to Defendant's Motion ("Opposition"). The People claim the redacted statements contained in GPD Report No. 21-31977 are irrelevant to the charges and wouldn't assist the defense. See Opposition at 1 (Apr. 22, 2022).

On April 28, 2022, the Defendant submitted his Reply to Opposition ("Reply"). Defendant reiterated that the requested discovery is material, as it contains statements from government witnesses and could negate his guilt. See Reply at 1-2 (Apr. 28, 2022).

The Court held a hearing on June 30, 2022. After hearing the arguments of the parties, the Court took the matter under advisement.

<strong><u>DISCUSSION</u></strong>

**I. Legal Standard:**

The provisions set forth in 8 G.C.A §70.10 *et seq.* strictly define the discovery obligations between the People and a criminal defendant. Section 70.10(a) specifically identifies certain material and information within the prosecution's "possession or control" as subject to automatic disclosure.

Discovery mandated under this rule includes:

Decision and Order Granting Defendant's Motion to Compel Discovery
CF0653-21, *People of Guam v. Gavin Domingo Alimurong*
Page 2 of 5

(1) the name and address of any person whom the prosecuting attorney intends to call as a witness at the trial, together with his relevant written or recorded statement;

(7) any material or information which tends to negate the guilt of the defendant as to the offense charged or would tend to reduce his punishment therefor.

See 8 G.C.A. § 70.10(a)(1) & (7).

However, the right to disclosure of information in 8 G.C.A. §70.10 is not absolute. It is fundamental in all demands for the production of discovery in criminal cases, that a Defendant seeking such disclosure must satisfy the threshold requirement of materiality. In this regard, the Guam Supreme Court has held that §70.10, "like *Brady* itself, 'imposes a general materiality requirement upon items before disclosure.'" See *People v. Mateo,* 2017 Guam 22 ¶ 14 (citing *People v. Tuncap,* 1998 Guam 13 ¶ 18). Evidence is material for *Brady* purposes when "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." See *U.S. v. Bagley,* 473 U.S. 667, 682 (1985). A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." Id. at 682. Guam's Supreme Court has held that "impeachment evidence relating to government witnesses" is material to guilt or punishment, and therefore falls under the coverage of *Brady* and 8 G.C.A §70.10. See *People v. Fisher,* 2001 Guam 2 ¶ 12.

8 GCA §70.15 serves as a catchall provision, allowing defendants to compel disclosure of information not mandated by §70.10, as long as the requested information is material to the defense and is reasonable. See 8 G.C.A. §70.15.

II. **Legal Analysis:**

a. **Unredacted copies of GPD Report No. 21-31977 are mandated discovery under 8 G.C.A. § 70.10(a)(1) and (a)(7).**

Decision and Order Granting Defendant's Motion to Compel Discovery
CF0653-21, *People of Guam v. Gavin Domingo Alimurong*
Page 3 of 5

The first piece of requested discovery concerns GPD Report No. 21-31977. The People initially provided a copy of this report, but several key areas such as the alleged victim's written statement and GPD Officer J. Quenga's narrative report were redacted. See Memorandum Supporting Motion at 2 (Apr. 20, 2022).

This evidence is clearly material for *Brady* purposes and is mandated discovery under 8 G.C.A. §70.10(a)(1). The People will presumably call the alleged victim as a witness at trial, so her statement recorded in GPD Report No. 21-31977 must be turned over pursuant to 8 G.C.A. §70.10(a)(1). The same applies to GPD Officer Quenga's narrative report, which is a recorded statement by a government witness.

The redacted statements are also mandated discovery under 8 G.C.A. §70.10(a)(7) as being material towards negating Defendant's guilt or reducing his potential punishment. Comparing the alleged victim's testimony against her previous statements is important to Defendant's defense and clearly relevant to his potential guilt. The Court believes that if an unredacted copy of GPD Report No. 21-31977 is not disclosed to Defendant, the result of his trial could be different. Therefore, this material is mandated discovery under 8 G.C.A. § 70.10(a)(1) and (a)(7).

**b. The December 22, 2021 search warrant and its supporting documents are mandated discovery under 8 G.C.A. § 70.10(a)(7).**

The second piece of requested discovery surrounds a search warrant executed at Defendant's alleged home on December 22, 2021, roughly nine hours before Defendant's arrest. See Magistrate's Complaint (Dec. 23, 2021); Memorandum Supporting Motion at 2 (Apr. 20, 2022).

Defendant was arrested on allegations of family violence dating back to the previous six months. See Magistrate's Complaint (Dec. 23, 2021). However, it's possible that the search warrant played a role in Defendant's arrest given the short lapse in time between the search and his arrest. A copy of the search warrant and its

Decision and Order Granting Defendant's Motion to Compel Discovery
CF0653-21, *People of Guam v. Gavin Domingo Alimurong*
Page 4 of 5

supporting documents are therefore material as to Defendant's guilt or punishment, and must be turned over pursuant to 8 G.C.A. §70.10(a)(7).

### CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion. The People must disclose the following evidence, as mandated under 8 G.C.A. §70.10:

- Unredacted copies of pages 13 and 19 of discovery in GPD Report No. 21-31977
- Copies of a search warrant and supporting documents for a warrant executed at Defendant's alleged home on December 22, 2021

**IT IS SO ORDERED** this ___August 11, 2022___.



**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Granting Defendant's Motion to Compel Discovery
CF0653-21, *People of Guam v. Gavin Domingo Alimurong*
Page **5** of **5**